## SEMER *v.* CLEARY.

EVIDENCE—ADMISSIBILITY—RES GESTÆ—CONVERSATIONS.

> In an action on a written agreement by directors of a corporation to repurchase stock at the expiration of a certain period on the giving of 90-days' notice orally or in writing, evidence of a person who accompanied plaintiff to the office of one of defendants immediately after signing the agreement, on the question of oral notice to such defendant of election to sell the stock to such defendant at such time, that plaintiff told such defendant that he was not purchasing the stock, but that he was merely putting 3 per cent. money to work to earn 6 per cent., and that he did not intend to hold the stock, and he wanted such defendant to understand that it was expected that he would redeem it and pay the purchase price, and interest, at the expiration of the contract, was admissible as part of the *res gestæ*.

Error to Delta; Flannigan, J. Submitted October 8, 1917. (Docket No. 54.) Decided December 27, 1917.

Assumpsit by John A. Semer against John J. Cleary and another for the price of certain corporate stock.

Judgment for plaintiff. Defendants bring error. Affirmed.

N. C. *Spencer,* for appellants.

A. H. *Ryall,* for appellee.

KUHN, C. J. The defendants were, on May 10, 1913, directors of the Escanaba Hotel Company, which was at that time erecting a hotel building in the city of Escanaba, and were selling stock of this corporation for the purpose of financing the building operations. As an inducement to plaintiff to purchase 300 shares of preferred stock of this company at $10 per share, defendants agreed with him that at the expiration of 3 years from the time of the purchase they would, at the option of the plaintiff, purchase the stock from him at the price paid by him, together with 6 per cent. interest, provided the plaintiff should give the defendants 90 days' notice of his election to sell to them, either personally or in writing, by mail addressed to them, or either of them, at the city of Escanaba, Mich. This agreement was reduced to writing and signed by the parties. It is the claim of the plaintiff that immediately upon signing this agreement, he went to the office of the defendant Cleary and notified him verbally that he elected to sell the stock to him, and would expect him to take it up at the end of 3 years. The defendant Cleary denies having had any conversation with him then or any other time with reference to the stock until after a written notice of date May 10, 1916, given to him by the plaintiff, which notice, although received in evidence, was held by the court to have been insufficient, and the jury was instructed to disregard it.

At the time of the giving of the alleged verbal notice it is the claim of the plaintiff that when he went to the defendant Cleary's office, he was accompanied by

his brother-in-law, S. W. Farnsworth, whose wife was interested in the outcome of the suit, in that the money used for the purchase of the stock was money left by the plaintiff's deceased father, and he, in making the investment, was acting as trustee for the heirs of his father's estate. Mr. Farnsworth was called as a witness by the plaintiff, and upon the question of the alleged notice to Cleary was permitted, over the defendant's objection, to give the following testimony:

"*Q.* State what was said by Mr. Semer or by you in Mr. Cleary's presence.

"*A.* We went into Mr. Cleary's office. There were no other persons present except Mr. Cleary, Mr. Semer, and myself. And Mr. Semer told Mr. Cleary in my presence that he was not purchasing the stock, but that he was merely—

"*Mr. Spencer:* I object to that as testimony tending to vary the terms of the contract.

"*The Court:* It is part of the *res gestœ* of the conversation. Go on.

"*A.* Mr. Semer informed Mr. Cleary that he was not purchasing that stock, in the sense that he was to own it, but simply putting some 3 per cent. money to work to earn 6 per cent., and that he did not intend to hold that stock; and he wanted Mr. Cleary to understand right then and there that he expected him to redeem the stock and pay the $3,000, with 6 per cent., at the expiration of the contract. I don't remember Mr. Cleary saying anything in particular, other than he seemed to agree to it. I haven't seen any of the parties, except Mr. Semer, to talk to them about the matter since that time."

The trial resulted in a verdict for the plaintiff of $3,660, upon which judgment was duly rendered. Error is assigned because of the admission of the testimony above set forth, and this constitutes the sole question raised in this case.

The record discloses that the one important issue in the case was whether plaintiff had notified the defendant of the plaintiff's election to sell this stock to

the defendant, and the testimony all seemed to be directed to that point. The charge of the court clearly stated that this was the sole issue, and removed from the consideration of the jury any further questions. The conversation with reference to the verbal notice was denied by the defendant Cleary, and it is the claim of plaintiff that the witness Farnsworth was produced simply to corroborate the claim of notice, and that it was not offered for the purpose of varying any contract, or for any purpose other than that of proving notice. We think that it was competent testimony as bearing on and in connection with the only question in issue. The trial court admitted the evidence as part of the *res gestæ*, and we think properly so. For a full discussion of this subject, see 3 Wigmore on Evidence, §§ 1745, 1768, 1788, 1790, 1795, and 1796. The author, in section 1768, quotes from an English case, where it was said:

"The words are then received, not as evidence of the truth of what was declared, but because the speaking of the words is the fact, or part of the fact, to be investigated."

We are satisfied that the admission of the evidence in question was not error, and affirm the judgment.

STONE, OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.